# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CORY LEE KLEPPE,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C18-2004-LRR<br><br>**ORDER** |

      This matter is before the court on movant's 28 U.S.C. § 2255 motion (docket no. 1). Movant filed his motion on January 26, 2018, alleging ineffective assistance of sentencing counsel.

      Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the court to conduct an initial review of the motion. Under that rule, summary dismissal is appropriate where the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977). According to 28 U.S.C. § 2255(f), a 1-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g. Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the

facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This is a strict standard with only a very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Movant pled guilty to one count related to the possession of methamphetamine on July 7, 2016. (*See* CR16-2029-LRR, docket no. 22). On December 21, 2016, the court sentenced movant to 162 months incarceration. (*See* CR16-2029-LRR, docket no. 39). Movant filed a timely appeal, which was dismissed, with judgment entering on January 30, 2017. (*See* CR16-2029-LRR, docket no. 52).

As noted above, movant filed the above captioned § 2255 motion on January 26, 2018. Thus, it seems movant filed this appeal within the one-year statute of limitations articulated in 28 U.S.C. § 2255(f). Accordingly, the court will order the case briefed.[1]

The parties are **DIRECTED** to respond in the following manner:

1. The government is **DIRECTED** to file a brief in response to the movant's § 2255 motion on or before June 9, 2018. The government shall attach relevant materials to its brief.

---

[1] This analysis does not prejudice the respondent's right to make any argument it deems appropriate regarding the timeliness of movant's motion or the applicability of 28 U.S.C. § 2255(f).

2. If he so chooses, the movant is **DIRECTED** to file a brief in reply to the government's response and/or additional materials related to § 2255 motion on or before July 9, 2018.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied).

Therefore, counsel whose representation is challenged is **DIRECTED** to file with the court an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel is **DIRECTED** to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s). This court-supervised response to the movant's allegation(s) must be filed with the court on or before May 9, 2018. The clerk of court is **DIRECTED** to

provide a copy of this order to the movant's former counsel.² After counsel complies with the court's directives, the clerk's office is **DIRECTED** to serve both parties with a copy of the documents that counsel files. If the movant objects to counsel responding as ordered herein, the movant is **DIRECTED** to notify the court of the objection and the basis for the objection by April 23, 2018. Upon receipt of an objection by the movant, the court will notify the parties and counsel that they need not take further action until they are directed to do so by the court.

**IT IS THEREFORE ORDERED**:

(1) The clerk of court is directed to provide a copy of this order to movant's prior counsel. As set out above, prior counsel is directed to file affidavit by May 9, 2018.

(2) The respondent shall file its response on or before June 9, 2018.

(3) If he so chooses, the movant may file a responsive pleading on or before July 9, 2018.

**DATED** this 9th day of April, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

² Relevant ethical guidelines are set in the ABA Model Rules of Professional Conduction. *See* ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15. If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response, in camera with a request for a protective order if necessary, that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.